## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

C & P Air Conditioning Corp., etc.

v.

Sure Air Ltd.

December 9, 1970

Case No. (Law) 7485

By JUDGE EDWARD L. RYAN, JR.

Defendant attacks the service of process made on it pursuant to the Virginia "long arm" statute. Code of Virginia § 8-81.1, *et seq.* Plaintiff contends that defendant transacted business in Virginia and contracted to supply services in this State. Code § 8-81.2(1) and (2).

The court concludes that the testimony of Herbert E. Porter and Milton Lupton fully supports the contentions of plaintiff. It appears that defendant acted "directly" in Virginia and also "by an agent." Defendant had that degree of control over the plaintiff that made the latter the agent of the former. Defendant did not authorize plaintiff to proceed with the erection of the cooling towers until its representative had inspected the towers and authorized plaintiff to proceed. Also, the defendant controlled plaintiff's making of all repairs that exceeded $200.00 in costs. While it is true that defendant made its contract in New York with a New York corporation to render services to it in Virginia (and other states), defendant employed plaintiff as its "actor" to carry out the rendering of the contracted services. The law indulges no presumption of agency and the burden falls upon him who contends for an agency relationship; however, the following is said in *Raney* v. *Barnes Lumber Corp.,* 195 Va. 956 (1954):

Agency has been defined as the relationship which results from the manifestation or *consent* by one person to another than the other *shall act on his behalf* and *subject to his control,* and agreement by the other *so to act.* See *Restatement Agency,* § 1 (American Law Institute). (Italics added.)

Plaintiff may present an order for entry overruling defendant's motion to quash service of process and to dismiss, saving unto defendant its exceptions.